# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| PHOENIX ASSURANCE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:25-cv-02439-SHL-cgc |
| MEDICAL GROUP CARE, LLC, | ) |
| Defendant. | ) |

## ORDER GRANTING UNOPPOSED MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

Defendant Medical Group Care, LLC seeks to set aside the Clerk's entry of default against it. (ECF No. 14.) Plaintiff Phoenix Assurance, LLC served MGC with a summons and a copy of the complaint on April 30, 2025, and its deadline to respond was May 21. (ECF No. 11 at PageID 130); see also Fed. R. Civ. P. 12(a)(1)(A)(i). Because MGC failed to respond by the deadline, Phoenix requested that the Clerk enter default against it. (ECF No. 11.) The Clerk did so on June 5. (ECF No. 12.) MGC now requests that the Court set aside the entry of default, asserting that its failure to respond was not willful. (ECF No. 14 at PageID 136.) There being no opposition, and for good cause shown, MGC's motion is **GRANTED**.

A court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine whether good cause exists, the court must assess whether (1) the default was willful, (2) the plaintiff would suffer prejudice, and (3) the alleged defense has merit. Dassault Systemes, SA v. Childress, 663 F.3d 832, 838–39 (6th Cir. 2011) (quoting United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983)). Because there is a strong preference for a trial on the merits, Rule 55 gives the court "considerable latitude" in making its decision to set aside an entry of default. Childs v. Neighbors, No. 23-1205, 2024 WL 4024148,

at *2 (6th Cir. Aug. 8, 2024) (Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992)).

MGC states that it failed to file a timely response because of "a miscommunication between counsel." (ECF No. 14 at PageID 136.) Two sets of defense lawyers contacted Phoenix to request an extension of time to respond. (Id. at PageID 137.) On May 21, the day of the response deadline, MGC's counsel emailed Phoenix to request a thirty-day extension of time while he searched for local counsel. (ECF No. 14-1 at PageID 149.) The next day, Michael Whitticar also emailed Phoenix's counsel indicating that he was recently retained to represent MGC, and he requested an extension of time until May 30 to file a response to the complaint. (ECF No. 14-1 at PageID 153.) Phoenix later learned that Whitticar was no longer representing MGC. (ECF No. 14-1 at PageID 156.) Thus, it sought an entry of default on June 5.

MGC asserts that its default was not willful because it contacted Phoenix to obtain a thirty-day extension of time to respond, and Phoenix's counsel "granted" that request. (ECF No. 14-1 at PageID 143.) But counsel cannot "grant" extensions of time to respond to deadlines—only the Court can do that, and neither set of lawyers purporting to represent MCG ever filed a motion with the Court. See Fed. R. Civ. P. 6(b)(1) (stating that "the court may, for good cause, extend the time" to complete an act that "must be done within a specified time").

MGC also seemingly takes issue with the fact that Phoenix requested an entry of default without first consulting with MGC's counsel. (ECF No. 14 at PageID 138 ("Apparently, Phoenix's counsel must have believed MGC was unrepresented, despite discussions with Mr. Bianco. Without contacting Mr. Bianco to clarify or otherwise consult, Phoenix's counsel filed a motion for default despite having already granted MGC and Mr. Bianco an additional thirty days

to respond.")  It is not Plaintiff's counsel's job to ascertain who represents MGC[1]—at all times, it is MGC's job to obtain counsel and timely appear to defend itself or, as the case may be, to obtain more time from the Court to do so.

The only miscommunication that led to MGC's default is its own failure to communicate with the Court.  This careless and inexcusable error resulted in the expense of needless resources by Phoenix's counsel in requesting default, by the Clerk in entering it, and now by this Court in setting it aside.  Nevertheless, MGC's conduct need not be excusable to qualify for relief under Rule 55—the "court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings."  See Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 195 (6th Cir. 1986).  When a delay in responding results from a dispute about an agreed extension, and the delay is neither lengthy nor is there a pattern of disregard, "the strong policy in favor of deciding cases on their merits outweighs any inconvenience to the court."  Id. at 194.  While inconvenient, MGC's conduct here does not rise to the level of willfulness necessary to overcome this presumption.

Phoenix will not be prejudiced if the Court sets aside the entry of default.  Indeed, it consents to MGC's motion to do so.  (ECF No. 14 at PageID 141.)  And MGC asserts that it has a meritorious defense—Phoenix has allegedly failed to plead diversity jurisdiction and personal jurisdiction.  (Id. at PageID 139.)  These defenses deserve review by the Court.  Thus, for good cause shown, MGC's motion is **GRANTED**.  The entry of default is **VACATED**.  MGC must file its response to the complaint by **July 2, 2025**.

---

[1] Moreover, Phoenix's counsel had no reason to contact MGC's general outside counsel because he is not licensed to practice in this district and cannot yet represent MGC in this Court.  (See ECF No. 14 at PageID 141 (indicating that Mr. Bianco will submit a motion to appear pro hac vice).)

**IT IS SO ORDERED,** this 25th day of June, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
